IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICHARD L. BATES,**
       **Plaintiff,**

v.                                              **CIVIL ACTION NO.: 3:19-CV-67**
                                                               **(GROH)**

**LT. CARPENTER,
CO RADLIFF, and
FEDERAL BUREAU OF PRISONS
ADMINISTRATION AT FCI GILMER,
       Defendants.**

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On April 30, 2019, the *pro se* Plaintiff, who was then a federal prisoner incarcerated at FCI Gilmer, in Glenville, West Virginia, initiated this case by filing an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), claiming excessive force used by correctional officers. ECF No. 1.[1]  This matter is before the undersigned for an initial review and report and recommendation pursuant to the Local Rules of Prisoner Litigation Procedure ("LR PL P") 2, et seq., and 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:19-CV-67, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed the instant complaint on April 30, 2019, while serving a 106-month sentence imposed in the Western District of Virginia, case number 4:11-CR-32. In that case, Plaintiff was convicted pursuant to his plea of guilty to Counts 3 and 4 of the indictment which charged him with distribution of oxycodone and possession of a firearm during and in relation to a drug trafficking offense. W.D.Va. 4:11-CR-32, ECF No. 37. He was sentenced on May 31, 2012, to 46 months on Count 3 and 60 months on Count 4, with those sentences to be served consecutively to one another, for an aggregate term of 106 months. Id.

Plaintiff claims that on December 22, 2017, Defendant Lt. Carpenter ("Carpenter") used excessive force while escorting Plaintiff between cells. Plaintiff contends Carpenter intentionally "began jerking [Plaintiff's] wrist restraints [ ] to where I misstepped and Lt. Carpenter let go of the restraints, almost causing [Plaintiff] to fall." ECF No. 1-1 at 1. Plaintiff then claimed that Carpenter slammed Plaintiff to the concrete, causing plaintiff to sustain a severe eye and facial injury. Id. at 2.

Plaintiff asserts that as a result of Defendant Carpenter's use of force, he sustained a fracture to his right orbital socket, and suffered a laceration above his right eye which required four stitches on the same date he was injured. Id. Plaintiff claims that on an unnamed date, while he was being transported from FCI Gilmer to a follow up medical appointment at West Virginia University Hospital in Morgantown, West Virginia, that Correctional Officer ("CO") Radliff ("Radliff") "threatened to shoot [Plaintiff], multiple times, throughout the trip." Id. Plaintiff attached various documents to his complaint including: (1) his sworn declaration [ECF No. 1-1]; (2) medical records from

December 22, 2017, and December 23, 2017 [ECF No. 1-2]; (3) an October 11, 2018 letter from Congressman David B. McKinley [ECF No. 1-3]; (4) a June 27, 2018 letter from BOP Beckley Consolidated Legal Center regarding Administrative Claim Number TRT-MXR-2018-05512 [ECF No. 1-4]; (5) a handwritten witness list and notes [ECF No. 1-5]; (6) TRULINCS email messages dated June 6, 2018 and June 11, 2018, with handwritten notations dated July 10, 2018 through March 20, 2019 [ECF No. 1-6]; and (7) a BOP Incident Report[2] related to a charge that Plaintiff violated Prohibited Act Code 224A, a second BOP Incident Report[3] related to a charge that Plaintiff violated Prohibited Act Codes 199 or 112, a Discipline Hearing Officer ("DHO") Report for Incident 3070224[4], a Regional Administrative Remedy Appeal[5], and a Regional Administrative Remedy Appeal Response[6] which expunged the DHO's decision [ECF No. 1-7].

On August 13, 2019, Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment, and a memorandum in support thereof. ECF Nos. 28, 29. Defendant argued that Plaintiff is not entitled to relief because: (1) Plaintiff failed to

---

[2] This Incident Report does not contain an Incident Report Number, but is related to events which occurred on December 22, 2017, regarding an attempted assault on staff. ECF No. 1-7 at 1.

[3] This Incident Report contain a handwritten Incident Report Number of 3070222, and is related to events which occurred on December 22,2 017, regarding Plaintiff's alleged "[c]onduct of disrupts, mostly use of narcotics, marijuana, drugs, alcohol, intoxicants". ECF No. 1-7 at 2.

[4] This DHO Report, dated April 6, 2018, following a January 9, 2018 hearing, regarded events which occurred on December 22, 2017, related to "Assaulting Any Person (Minor) (Attempted)", ECF No. 1-7 at 3 – 5.

[5] The Regional Administrative Remedy Appeal, dated April 17, 2018, contains case number 938021-R1, and is related to the DHO decision. ECF No. 1-7 at 6.

[6] The Regional Administrative Remedy Appeal Response, dated April 24, 2018, contains case number 098021-R1, and is an expungement of the DHO's January 9, 2018, decision finding Plaintiff guilty of Threatening another person with bodily harm, in violation of Prohibited Act Code 203. ECF No. 1-7 at 7.

3

exhaust his administrative remedies as related to his cruel and unusual punishment claim; (2) Plaintiff's allegations are not cognizable under Bivens; (3) Plaintiff failed to sufficiently plead a cause of action for any Constitutional violation; (4) Defendants are entitled to qualified immunity from suit; and (5) the Federal Bureau of Prisons Administration at FCI Gilmer is an improper party to a Bivens action. ECF No. 29.

Defendants provided a video of the incident to the Court, which by order of the Court was sealed pursuant to Defendants' motion. ECF Nos. 29-1, Attachment A, 30, 33. The video reflects events which occurred on December 22, 2017, including events prior to the incident, the incident itself, and events subsequent to the incident. Id.

Defendants further provided a declaration of Henry Mullins ("Mullins"), a BOP employee who was formerly employed at FCI Gilmer. ECF No. 29-3. Mullins stated that in his capacity as a Special Investigative Supervisor, he conducted an investigation into allegations of staff misconduct, including Plaintiff's complaint for excessive force against Radliff[7]. Id. Mullins further stated that he reviewed all documentation and the video footage and determined there was insufficient evidence to support Plaintiff's allegations of staff misconduct, and no disciplinary actions were taken against staff members. Id. at 3.

On August 26, 2019, Plaintiff filed a motion for leave to file excess pages and to file an amended complaint, along with an amended complaint and other attachments to the motion. ECF Nos. 35, 35-1 through 35-4. Plaintiff filed a motion for default judgment on October 4, 2019. ECF No. 37.

---

[7] Mullins' declaration spells Radliff's name as "Ratliff", however, the Court uses the spelling identified by Plaintiff in the complaint.

By order entered October 8, 2019, the Court partially granted Plaintiff's motion to amend [ECF No. 35], but directed that any amendment needed to be made on the Court-approved form. ECF No. 39. The previously filed amended complaint [ECF No. 35-1] was stricken. Id. Plaintiff has failed to comply with the Court's order granting leave to file an amended complaint on the Court-approved form.

### III.     LEGAL STANDARD

#### A.     Pro Se Litigants.

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

> not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B. Civil Rights Actions Under Bivens.

In Bivens, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id. See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[9] [have] the additional pleading requirement that the

---

[9] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized

6

'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

## IV. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731, 741 (2001). "[F]ederal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." Porter v. Nussle, 534 U.S. at 524 (internal citations omitted). As recognized in Porter and Booth, exhaustion is a prerequisite to suit, and accordingly, Plaintiff was required to exhaust all available administrative remedies prior to filing his Bivens complaint in federal court.

Moreover, in Woodford v. Ngo, 548 U.S. 81, 93 – 94 (2006) (internal citations omitted), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) "to eliminate unwarranted federal-court interference with the administration of prisons"; (2) to "affor[d] corrections officials time

---

by 42 U.S.C. § 1983.

and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."

Plaintiff concedes there is a prisoner grievance procedure in the institution where the events occurred. ECF No. 1 at 4. Plaintiff asserts that he filed a grievance concerning the facts relating to his complaint, and that he pursued that grievance at the institutional (BP-9), regional (BP-10) and central office levels (BP-11). Id. However, Plaintiff failed to provide copies of any such administrative appeals. Further, Defendants contest those claims, stating:

> Since the alleged events took place in December of 2017, [Plaintiff] has filed only one administrative remedy. . . [which] was not related to the use of force or to alleged threats made by staff. . . . Rather, it was in relation to an appeal of a disciplinary action. Plaintiff's assertion in his his Complaint that he has filed administrative grievances at the institutional ("bp-9"), regional ("bp-10"), and central office ;"bp-11") levels is completely false.

ECF No. 29 at 7. Defendants' attachments to their motion include a declaration by Tiffanie Little, Legal Assistant for the Bureau of Prisons' Mid-Atlantic Regional Office, who reviewed Plaintiff's Administrative Remedy Retrieval Form and discovered that the only administrative remedy filed since December 22, 2017, was number 938021-R1 related to Plaintiff's challenge to a disciplinary hearing officer finding. ECF No. 29-1 at 3. The Administrative Remedy Generalized Retrieval form lists eight administrative remedies, four related to jail credit, three related to computation of his state sentence, and one related to the DHO appeal. Only the DHO appeal occurred after December 22, 2017. ECF No. 29-1 at 6 – 7. As identified in Section II herein, the DHO appeal response, filed April 24, 2018, expunged the DHO decision of January 9, 2018, which found Plaintiff guilty of threatening another person with bodily harm. That incident

report may be related to the use of force and alleged threats against Plaintiff, but it failed to raise the issues which are the subject of this Bivens complaint. Plaintiff has failed to seek the proper administrative remedy as to either the use of force, or alleged threats made against him. Accordingly, he has failed to exhaust his administrative remedies as to those claims.

In Jones v. Bock, 549 U.S. 199, 216 (2007), the United States Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in his complaint." Although the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) ("If the institutional authorities refuse to provide a prisoner with the forms needed to exhaust administrative remedies, then those remedies are not 'available' to the prisoner.") Consistent with other Circuits, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Aquilar-Avellaveda v.

9

Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006)).

Here, Plaintiff does not allege that he was prevented through no fault of his own from availing himself of available remedies, nor does he allege that institutional authorities refused to provide him the forms which were necessary to complete administrative exhaustion. Rather, Plaintiff claims that he filed all the available remedies without demonstrating that he did so. Accordingly, the undersigned finds that Plaintiff has presented no claim that is substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies, and that despite his assertions of exhaustion, Plaintiff failed to exhaust the available administrative remedies prior to instituting this action. Accordingly, Plaintiff's claims should be dismissed without prejudice.

However, Plaintiff's claims against one defendant should be dismissed with prejudice. Plaintiff has named as a defendant the Federal Bureau of Prisons Administration at FCI Gilmer, a facility which operates under the Bureau of Prisons, and the United States government. That defendant is not a proper party in a Bivens action. In FDIC v. Meyer, 510 U.S. 471, 486 (1994), the Court held that Bivens claims may not be brought against a federal agency, and that federal agencies may not be held liable in a Bivens claim. Because the Federal Bureau of Prisons Administration at FCI Gilmer is an improperly named defendant in a Bivens actions, the complaint against that defendant must be dismissed with prejudice.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint against the Federal Bureau of Prisons Administration at FCI Gilmer be **DISMISSED WITH PREJUDICE**, because that agency is an improper party. It is further **RECOMMENDED** that Plaintiff's complaint against Defendants Carpenter and Radliff be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available administrative remedies.

It is also **RECOMMENDED** that Defendant's motion to dismiss or in the alternative motion for summary judgment [ECF No. 28] be **GRANTED**. It is further **RECOMMENDED** that Plaintiff's request for an entry of default judgment and motion for hearing [ECF No. 37] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 18, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE