# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**RICHARD L. BATES**,

    Plaintiff,

v.                                                **CIVIL ACTION NO.: 3:19-CV-67**
                                                          **(GROH)**

**LIEUTENANT CARPENTER,**
**CORRECTIONAL OFFICER RADLIFF**
**and FEDERAL BUREAU OF PRISONS**
**ADMINISTRATION AT FCI GILMER,**
**Individually and All Together,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 44. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on November 18, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's complaint [ECF No. 1] be denied and dismissed with prejudice as to the Federal Bureau of Prisons Administration at FCI Gilmer and without prejudice as to Lieutenant Carpenter and Correctional Officer Radliff.

## I. Background

On April 30, 2019, the Plaintiff filed a civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). ECF No. 1. At the time of filing, the Plaintiff was incarcerated at FCI Gilmer in Glenville,

West Virginia. In his complaint, the Plaintiff alleges that on December 22, 2017, Lieutenant Carpenter "used excessive force against [him] by shoving him (while handcuffed) to the ground on concrete." Id. at 7-8. The Plaintiff further alleges that Correctional Officer Radliff, while transporting him from FCI Gilmer to a medical center in Morgantown, West Virginia, "continually threaten[ed] to shoot him." Id. at 8.

The Plaintiff asserts that he filed a grievance concerning the facts relating to his complaint, and that he pursued that grievance at the institutional (BP-9), regional (BP-10) and central office levels (BP-11). The Plaintiff did not provide copies of any such administrative appeals. The Plaintiff also alleges he filed an administrative tort claim. The Plaintiff attached a letter regarding the administrative tort claim, but he had not received a response prior to the filing of this action.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp.

2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court granted the Plaintiff an extension, requiring him to file his objections by January 18, 2020. ECF No. 48. The Plaintiff filed his objections on January 21, 2020. ECF No. 51. Having received the Plaintiff's objections, the Court will conduct a *de novo* review of the portions of the R&R to which the Plaintiff objects.

## III. Discussion

Magistrate Judge Trumble recommends that the complaint be dismissed with prejudice as to the Federal Bureau of Prisons Administration at FCI Gilmer because the Defendant is not a proper party to a Bivens action. Magistrate Judge Trumble further recommends the complaint be dismissed without prejudice as to Lieutenant Carpenter and Correctional Officer Radliff because the Plaintiff has failed to seek the proper administrative remedy as to either the alleged use of force or the alleged threats made against him.

The Plaintiff does not object to Magistrate Judge Trumble's finding that the Federal Bureau of Prisons Administration at FCI Gilmer is an improper party to this action. Accordingly, upon review and finding no clear error of fact or law, the Court dismisses the complaint against the Federal Bureau of Prisons Administration at FCI Gilmer with prejudice.

The Court will now address the Plaintiff's assertion that he "took every step to file all administrative remedies." ECF No. 51 at 1.

> Whether an inmate has exhausted available administrative remedies under the PLRA is a question of law to be determined by a judge. Drippe v. Tobelinski, 604 F.3d 778, 782 (3rd Cir. 2010); see also Lee v. Willey, 789 F.3d 673, 678 (6th Cir. 2015) ("[E]xhaustion under the PLRA is analogous to other threshold issues of judicial administration that 'courts must address to determine whether litigation is being conducted in the right forum at the right time.'" (quoting Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010)).

Miller v. Rubenstein, 2018 WL 736044, *5 (S.D. W. Va. Feb. 6, 2018).

The BOP has an administrative remedy procedure in place for an inmate to seek a formal review of an issue or complaint relating to his confinement. If an inmate is unable to resolve his issue or complaint informally, he can file a written complaint with

4

the institution. An inmate may appeal the institution's decision to the regional director. Finally, an inmate may appeal the regional director's decision to the office of general counsel. To fully exhaust his administrative remedies and file a complaint in federal court, an inmate must complete each of these steps.

In each of the Plaintiff's filings, he has made different allegations regarding his exhaustion. Initially, in the Plaintiff's complaint, he alleged he filed a BP-9, BP-10, BP-11 and administrative tort claim prior to filing his complaint with the Court. In a subsequent filing, the Plaintiff alleged he "specifically asked for administrative remedy forms but none were ever brought to [him]." ECF No. 35-2 at 3. Now, in his objections to Magistrate Judge Trumble's R&R, the Plaintiff alleges he "took every step to file all administrative remedies." ECF No. 51 at 1. Specifically, he alleges "the administration . . . withheld the filing of the BP-9," he filed a BP-10 against Lieutenant Carpenter, but the form was never returned to him and he filed a BP-11, which Jeff Cohen should have, but he is unable to contact him. Id. The Plaintiff also avers he did not receive a response to his administrative tort claim until after he filed his complaint in this Court.

The Defendants argue the "Plaintiff's assertion in his Complaint that he has filed administrative grievances at the institutional ("bp-9"), regional ("bp-10"), and central office ("bp-11") levels is completely false. [The] Plaintiff did not pursue any remedies pertaining to his claims in this case." ECF No. 29 at 7-8 (citations omitted). In support, the Defendants submitted a declaration by Tiffanie Little, Legal Assistant for the Bureau of Prisons' Mid-Atlantic Regional Office, who reviewed the Plaintiff's Administrative Remedy Retrieval Form and did not find any administrative remedy filings related to the claims in the Plaintiff's complaint.

The Plaintiff did file a complaint, which was investigated by Henry Mullins, Special Investigative Supervisor, who determined there was insufficient evidence to support the Plaintiff's allegations. ECF No. 29-3 at 3. This appears to have been an informal complaint for investigation based on the BOP not having any record of a formal complaint by the Plaintiff. However, even if this was a formal complaint at the institutional level, the Plaintiff did not appeal this decision to the regional director or the office of general counsel. The Plaintiff offers no more than a conclusory statement that he filed a BP-10 against Lieutenant Carpenter, but the form was never returned to him and he filed a BP-11, which Jeff Cohen should have, but he is unable to contact him.

The Defendants concede that the Plaintiff has filed an administrative tort claim. However, filing an administrative tort claim does not relieve the Plaintiff of fully exhausting his administrative remedies. Moreover, even if the Plaintiff did assume that the filing of an administrative tort claim was enough to exhaust his administrative remedies, he filed his complaint in this Court before receiving a response to his administrative tort claim. The response letter rejecting his tort claim was dated June 13, 2019, two months after he filed his complaint in this Court. ECF No. 29-1 at 12.

The Plaintiff's statements are completely inconsistent throughout his filings and he has yet to provide the Court with anything more than a conclusory statement that he fully exhausted his administrative remedies. The Court concludes, based on the Plaintiff's and Defendant's filings in this matter, that an evidentiary hearing would not assist the Court in determining if the Plaintiff fully exhausted his administrative remedies. It is clear the Plaintiff did not comply with the BOP administrative remedy

procedures prior to filing his complaint. Accordingly, the Plaintiff's objections are **OVERRULED**.

## IV. Conclusion

Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 44] is **ADOPTED** for the reasons more fully stated therein. The Plaintiff's complaint [ECF No. 1] against the Federal Bureau of Prisons Administration at FCI Gilmer is **DENIED** and **DISMISSED WITH PREJUDICE**. The Plaintiff's complaint [ECF No. 1] against Lieutenant Carpenter and Correctional Officer Radliff is **DISMISSED WITHOUT PREJUDICE**. The Defendant's motion to dismiss or in the alternative motion for summary judgment [ECF No. 28] is hereby **GRANTED** and the Plaintiff's request for entry of default judgment and motion for hearing [ECF No. 37] is hereby **DENIED**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket. The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested.

**DATED**: February 26, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE